

EDP:AA/IC/JRS
F. # 2022R00230

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA            PLEA AGREEMENT

      - against -

                                             23 CR 8 (WFK)

TAJHAI JONES,

              Defendant.

- - - - - - - - - - - - - - - - -X

        Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States Attorney's Office for the Eastern District of New York (the "Office") and TAJHAI JONES (the "defendant") agree to the following:

        1.    The defendant will plead guilty to Count One of the above-captioned indictment, charging a violation of 18 U.S.C. § 933. The count carries the following statutory penalties:

        a.    Maximum term of imprisonment: 15 years
            (18 U.S.C. § 933).

        b.    Minimum term of imprisonment: 0 years
            (18 U.S.C. § 933).

        c.    Maximum supervised release term: 3 years, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 2 years without credit for pre-release imprisonment or time previously served on post-release supervision
            (18 U.S.C. § 3583 (b) & (e)).

       d.      Maximum fine: Greater of $250,000, or twice the gross gain or twice the gross loss
(18 U.S.C. § 3571(b)(2), (b)(3) and (d)).

       e.      Restitution: In the full amount of each victim's losses as determined by the Court.
(18 U.S.C. §§ 3663 and 3664)

       f.      $100 special assessment
(18 U.S.C. § 3013).

2.    The defendant understands that although imposition of a sentence in accordance with the United States Sentencing Guidelines (the "Guidelines" and "U.S.S.G.") is not mandatory, the Guidelines are advisory and the Court is required to consider any applicable Guidelines provisions as well as other factors enumerated in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence in this case. The Office will advise the Court and the Probation Department of information relevant to sentencing, including criminal activity engaged in by the defendant, and such information may be used by the Court in determining the defendant's sentence. See 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). The Office estimates the likely adjusted offense level under the Guidelines to be 31, which is predicated on the following Guidelines calculation:

| | | |
|---|---|---:|
| Base Offense Level (U.S.S.G. § 2K2.1(a)(3)) | | 22 |
| Plus: | More than 25 Firearms (U.S.S.G. § 2K2.1(b)(1)(B)) | +6 |
| Plus: | Trafficking of Firearms (U.S.S.G. § 2K2.1(b)(5)) | +4 |
| Less: | Global Resolution (U.S.S.G. § 5K2.0)[1] | -1 |

---

[1] As set forth below, the one-level reduction for a global resolution is only applicable if the conditions set forth in paragraph 7 are satisfied.

2

       Total:       <u>31</u>

If the defendant clearly demonstrates acceptance of responsibility, through allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a), resulting in an adjusted offense level of 29 and a range of imprisonment of 108 – 135 months, assuming that the defendant falls within Criminal History Category III. Furthermore, if the defendant has accepted responsibility as described above, to the satisfaction of the Office, and if the defendant pleads guilty on or before 2/23/2024 an additional one-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(b), resulting in an adjusted offense level of 28. This level carries a range of imprisonment of 97 – 121 months, assuming that the defendant falls within Criminal History Category III. The defendant stipulates to the above Guidelines calculation.

       3.       The Guidelines estimate set forth in paragraph 2 is not binding on the Office, the Probation Department or the Court. If the Guidelines offense level advocated by the Office, or determined by the Probation Department or the Court, is, for any reason, including an error in the estimate, different from the estimate, the defendant will not be entitled to withdraw the plea and the government will not be deemed to have breached this agreement.

       4.       The defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 135 months or below. This waiver is binding without regard to the sentencing analysis used by the Court. The defendant waives all defenses based on the statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates this agreement, or (c) the

defendant's plea is later withdrawn. The defendant further waives the right to raise on appeal or on collateral review any argument that (a) the statute(s) to which the defendant is pleading guilty is unconstitutional and (b) the admitted conduct does not fall within the scope of the statute(s). Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum. The defendant waives any right to additional disclosure from the government in connection with the guilty plea. The defendant agrees that with respect to all charges referred to in paragraphs 1 and 5(a) he is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law. The defendant agrees to pay the special assessment by check payable to the Clerk of the Court at or before sentencing.

5. The Office agrees that:

   a. no further criminal charges will be brought against the defendant for, (1) between January 2022 and August 2022, both dates being approximate and inclusive, (a) knowingly conspiring to ship, transport, transfer and otherwise dispose of one or more firearms to another person, in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony, as charged in the Indictment; and (b) receiving from another person one or more firearms, in and affecting interstate or foreign commerce, knowing or having reasonable cause to believe that such receipt would constitute a felony, as charged in the Indictment; and (2) on or about June 15, 2022 possessing in and affecting commerce five firearms, to wit: (a) a Phoenix Arms HP22A .22 long rifle caliber semi-automatic pistol bearing serial number 4486310; (b) a Phoenix Arms HP22A .22 long rifle caliber semi-automatic pistol bearing serial number 4576233; (c) a Hi-Point Firearms C9 9mm caliber semi-automatic pistol bearing serial number P10099233; (d) a Glock 29 Gen 4 10mm auto caliber semi-automatic pistol bearing serial number BTHW699; and (e) a Taurus G2C .40 S&W caliber semi-automatic pistol bearing serial number ABB289606, as charged in the Indictment, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent

<pre>                                  </pre>prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 et seq., and at the time of sentence, it will move to dismiss the remaining counts of the Indictment with prejudice;

and, based upon information now known to the Office, it will

<pre>          </pre>b.<pre>     </pre>take no position concerning where within the Guidelines range determined by the Court the sentence should fall; and

<pre>          </pre>c.<pre>     </pre>make no motion for an upward departure under the Sentencing Guidelines.

If information relevant to sentencing, as determined by the Office, becomes known to the Office after the date of this agreement, the Office will not be bound by paragraphs 5(b) and 5(c). Should it be judged by the Office that the defendant has violated any provision of this agreement, the defendant will not be released from his plea of guilty but this Office will be released from its obligations under this agreement, including but not limited to: (a) moving for the additional one-level downward adjustment for timely acceptance of responsibility described in paragraph 2 above; and (b) the provisions of paragraphs 5(a)-(c).

<pre>     </pre>6.<pre>     </pre>This agreement does not bind any federal, state, or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

<pre>     </pre>7.<pre>     </pre>The one-level reduction for a global resolution is conditioned upon the following: (a) the defendants listed below (the "Covered Defendants") entering guilty pleas, pursuant to plea agreements with the Office, on or before February 23, 2024, and (b) acceptance of those pleas by a United States District Court Judge. The Covered Defendants are (1) David Mccann, (2) Raymond Minaya, (3) Calvin Tabron, and (4) Tajhai Jones. If fewer than all of the Covered Defendants satisfy the above-listed conditions, or if any of the Covered Defendants subsequently seeks to withdraw his guilty plea, the Office, in its sole discretion, may elect to

void any or all of the Covered Defendants' plea agreements and proceed to trial. The Office may also elect not to recommend a reduction under the Guidelines for a global resolution. No defendant will have the right to withdraw his guilty plea in any of those circumstances.

        8.      Apart from any written proffer agreements, if applicable, no promises, agreements or conditions have been entered into by the parties other than those set forth in this agreement and none will be entered into unless memorialized in writing and signed by all parties. Apart from any written proffer agreements, if applicable, this agreement supersedes all prior

promises, agreements or conditions between the parties. To become effective, this agreement must be signed by all signatories listed below.

Dated: Brooklyn, New York
     February 15, 2024

                                      BREON PEACE
                                      United States Attorney
                                      Eastern District of New York

                    By:   _____
                               Adam Amir
                               Irisa Chen
                               James R. Simmons
                               Assistant United States Attorney

                             Approved by:

                             _____
                             Supervising Assistant U.S. Attorney

I have read the entire agreement and discussed it with my attorney. I understand all of its terms and am entering into it knowingly and voluntarily.

_____
TAJHA JONES
Defendant

Approved by:

_____
Counsel to Defendant