| BP-A0288 | **INCIDENT REPORT** |
|---|---|
| | Dept. of Justice / Federal Bureau of Prisons |

### Part I - Incident Report

| 1. Institution: **BROOKLYN MDC** | Incident Report Number: **4026476** | | |
|---|---|---|---|
| 2. Inmate's Name **MINAYA, RAYMOND** | 3. Register Number **39131-510** | 4. Date of Incident **11-14-2024** | 5. Time **0730 hrs** |
| 6. Place of Incident **I-A I02-628** | 7. Assignment **UNASSG** | 8. Unit **4 DETC M/W** | |
| 9. Incident **104 -- POSSESSING A DANGEROUS WEAPON. 108 -- POSSESSING A HAZARDOUS TOOL.** | | 10. Prohibited Act Code(s) **104 108** | |

11. Description Of Incident
   (Date: **11-14-2024**   Time: **0730 hrs**   staff became aware of incident)

**On November 14, 2024, at approximately 0730 hours, a search was conducted on I-A I02-628, assigned to inmate Minaya, Raymond Reg. No. 39131-510 verified via sentry. During the cell search (1) Black Apple Cellular Phone and (1) sharpened metal object measuring 8.5 inches in length were discovered under the toilet bowl of the cell. Page 38 of the Inmate Admission and Orientation Handbook states that it is an inmate's responsibility to keep their area free of contraband. Inmate Minaya, Raymond Reg. No. 39131-510 was in possession of a Hazardous Tool and a Dangerous Weapon, specifically, (1) Black Apple Cellular Phone and (1) sharpened metal object which is contraband and possessing contraband is a violation of Bureau Policy.**

| 12. Typed Name/Signature of Reporting Employee **a Llerena-Salazar** | 13. Date And Time **11-14-2024 1659 hrs** | |
|---|---|---|
| 14. Incident Report Delivered to Above Inmate By (Type Name/Signature) **Garcia** | 15. Date Report Delivered **11-14-2024** | 16. Time Report Delivered **1820 hrs** |

The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of electronic forms, electronic filing, and electronic signatures to conduct office business.

| BP-A0288 | INCIDENT REPORT | |
|---|---|---|
| Dept. of Justice / Federal Bureau of Prisons | | |
| Inmate's Name<br>**MINAYA, RAYMOND** | Register Number<br>**39131-510** | Incident Report Number<br>**4026476** |

**Part II - Committee Action**

17. Comments of Inmate to Committee Regarding Above Incident

    **I'M TAKNG THE KNIFE**

18. A. It is the finding of the committee that you:

    ☐ Committed the Prohibited Act as charged.

    — Did not commit a Prohibited Act.

    — Committed Prohibited Act Code(s)

    B. **X** The Committee is referring the Charge(s) to the DHO for further Hearing.

    C. **X** The Committee advised the inmate of its finding and of the right to file an appeal within 20 calendar days.

19. Committee Decision is based on Specific Evidence as Follows:

    **BASED ON THE SEVERITY IT'S GOING TO DHO**

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act)

    **THE UDC RECOMMENDS 45 DAYS DS TIME.**

21. Date And Time Of Action  **11-15-2024 1435 hrs**    (The UDC Chairman's signature certifies who sat on the UDC and that the completed report accurately reflects the UDC proceedings.)

**ALAMO**
_____    _____    _____
Chairman (Typed Name/Signature)    Member (Typed Name)    Member (Typed Name)

---

The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of electronic forms, electronic filing, and electronic signatures to conduct office business.

Prescribed by P5270    Replaces BP-S288.052

| BP-A0288 | **INCIDENT REPORT** | |
|---|---|---|
| | Dept. of Justice / Federal Bureau of Prisons | |
| Inmate's Name **MINAYA, RAYMOND** | Register Number **39131-510** | Incident Report Number **4026476** |
| **Part III - Investigation** | 22. Date & Time Investigation Began **11-14-2024 2000 hrs** | |

23. Inmate Advised of Right To Remain Silent: You are advised of your right to remain silent at all stages of the discipline process. Your silence may be used to draw an adverse inference against you at any stage of the discipline process. Your silence may not be used to support a finding that you have committed a prohibited act.

   The Inmate Was Advised Of The Above Right By **Ferguson**
   At (Date/time) **11-14-2024 2000 hrs**

24. Inmate statement and attitude

   **Inmate Minaya made no comment and his attitude was fair.**

25. Other facts about the incident, statements of those persons present at scene, disposition of evidence, etc.

   **Photo sheet of contraband uploaded**

26. Investigator's comments and conclusions

   **Based on the information provided in section 11 of the report inmate Minaya has been appropriately charged.**

27. Action taken

   **Incident Report referred to UDC. Investigation/evidence supports charges. Inmate placed in Special Housing Unit pending UDC/DHO.**

   Date and Time Investigation Completed: **11-14-2024 2026 hrs**

   Printed Name/Signature Of Investigator: **Ferguson**

   Investigator Title: **Lt**

 

# METROPOLITAN DETENTION CENTER
# BROOKLYN, NY
# EVIDENCE PHOTOGRAPH

| Type of Incident: | Recovered Contraband |
|---|---|
| Inmates Name/Reg. No. | Deonarain, Naresh Reg. 08535-510<br>Minaya, Raymond Reg. No. 39131-510 |
| Location: | I-A I02-628 |
| Recovered By: | SIS Tech A. Llerena |
| Photograph(s) By: | SIS Tech A. Llerena  *A. Llerena* |
| Date: | 11/14/2024 0730 Hours |
| Description:(1) sharpened metal object measuring 8.5 inches in length. | |



 

# METROPOLITAN DETENTION CENTER
# BROOKLYN, NY
# EVIDENCE PHOTOGRAPH

| Type of Incident: | Recovered Contraband |
|---|---|
| Inmates Name/Reg. No. | Deonarain, Naresh Reg. 08535-510<br>Minaya, Raymond Reg. No. 39131-510 |
| Location: | I-A I02-628 |
| Recovered By: | SIS Tech A. Llerena |
| Photograph(s) By: | SIS Tech A. Llerena |
| Date: | 11/14/2024 0730 Hours |
| Description: (1) Black Apple Cellular Phone. | |



| BP-A0293 | Inmate Rights at Discipline Hearing | CDFRM |
|---|---|---|
| AUG 11 | | |
| U.S. DEPARTMENT OF JUSTICE | | FEDERAL BUREAU OF PRISONS |

Institution: MDC BROOKLYN

As an inmate charged with a violation of Bureau of Prisons rules or regulations referred to the Discipline Hearing Officer (DHO) for disposition, you have the following rights:

1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the Discipline Hearing Officer;

2. The right to have a full-time member of the staff who is reasonably available to represent you before the Discipline Hearing Officer;

3. The right to call witnesses (or present written statements of unavailable witnesses) and to present documentary evidence in your behalf, provided institutional safety would not be jeopardized;

4. The right to present a statement or to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act;

5. The right to be present throughout the discipline hearing except during a period of deliberation or when institutional safety would be jeopardized. If you elect not to appear before the DHO, you may still have witnesses and a staff representative appear on your behalf;

6. The right to be advised of the DHO's decision, the facts supporting that decision, except where institutional safety would be jeopardized, and the DHO's disposition in writing; and,

7. The right to appeal the decision of the DHO by means of the Administrative Remedy Procedure to the Regional Director within 20 calendar days of notice of the DHO's decision and disposition.

I hereby acknowledge that I have been advised of the above rights afforded me at a hearing before the Discipline Hearing Officer. I have further been advised that if I have previously received either a presumptive or effective parole date from the Parole Commission, a finding by the DHO that I committed the prohibited act(s) may result in a rescission or retardation by the Parole Commission of the presumptive or effective parole date.

Inmate's Name: MINAYA, RAYMOND                    Reg. No.: 39131-510

Inmate Signature: R.MINAYA                        Date: 11/15/2024

Notice of rights given to inmate (Date/time): 11/14/2024  2:30

by: R.ALAMO
Staff Printed Name/Signature

(This form may be replicated via WP)                    Replaces BP-S293(52) of JAN 88.

1

PDF                    Prescribed by P5270

| BP-A0294 AUG 11 | Notice of Discipline Hearing Before the (DHO) | CDFRM |
|---|---|---|
| U.S. DEPARTMENT OF JUSTICE | | FEDERAL BUREAU OF PRISONS |

MDC BROOKLYN
Institution

11/15/2024
Date

TO: MINAYA, RAYMOND           REG. NO.: 39131-510

ALLEGED VIOLATION(S): POSSESSING A DANGEROUS WEAPON, POSSESSING A HAZARDOUS TOOL

DATE OF OFFENSE: 11/14/2024           CODE NO.: 104,108

You are being referred to the DHO for the above charge(s).

The hearing will be held on: __Next Available__ at _____ (A.M./P.M.) at the following location: _____

You are entitled to have a full-time staff member represent you at the hearing. Please indicate below whether you desire to have a staff representative, and if so, his or her name.

I (do) ___ (do not) _X_ wish to have a staff representative.

If so, the staff representative's name is: _____

You will also have the right to call witnesses at the hearing and to present documentary evidence in your behalf; provided, calling your witnesses will not jeopardize institutional safety. Names of witnesses you wish to call should be listed below. Briefly state to what each proposed witness would be able to testify.

I (do) ___ (do not) _X_ wish to have witnesses.

| NAME: | CAN TESTIFY TO: |
|---|---|
| | |
| NAME: | CAN TESTIFY TO: |
| | |
| NAME: | CAN TESTIFY TO: |
| | |

The Discipline Hearing Officer will call those witnesses (Staff or Inmate) who are reasonably available, and who are determined by the DHO to have information relevant to the charge(s). Repetitive witnesses and repetitive character references need not be called. Unavailable witnesses may be asked to submit written statements.

If additional space is needed, use the reverse side of this form. Date, sign, and return this form to the DHO.

DATE: 11/14/2024           SIGNATURE: R.MINAYA

Notice of hearing before DHO given inmate __11/14/2024 2:30__ by __R.ALAMO__
                                            Date/Time                      Staff Printed Name/Signature

(This form may be replicated via WP)                    Replaces BP-294(52) of JAN 88

PDF                    Prescribed by P5270



**BP-A0304**    **DISCIPLINE HEARING OFFICER REPORT**    **IR#: 4026476**
**Reg#: 39131-510**

Dept. of Justice / Federal Bureau of Prisons    **MINAYA, RAYMOND**

| | |
|---|---|
| Institution: **BROOKLYN MDC** | Incident Report Number: **4026476** |
| NAME OF INMATE: **MINAYA, RAYMOND** | REG.NO.: **39131-510**    UNIT: **4 DETC M/W** |
| Date of Incident Report: **11-14-2024** | Offense Code(s): **104 108** |
| Date of Incident: **11-14-2024** | |

Summary of Charges:

    **104 -- POSSESSING A DANGEROUS WEAPON. 108 -- POSSESSING A HAZARDOUS TOOL.**

I.    NOTICE OF CHARGE(S)

    A.    Advanced written notice of charge (copy of Incident Report) was given to inmate on **11-14-2024** at **1820 hrs** (by staff member) **Garcia**

    B.    The DHO Hearing was held on **11-18-2024** at **0815 hrs**

    C.    The inmate was advised of the rights before the DHO by (staff member): **ALAMO** on **11-15-2024** and a copy of the advisement of rights form is attached.

    D.    Delay in Process **None**

II.    STAFF REPRESENTATIVE

    A.    Inmate waived right to staff representative: [Yes] **X**    [No] __

    B.    Inmate requested staff representative and **NA** appeared.

    C.    Staff Representative's Statement: **NA**

    D.    Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that: **NA**

    E.    Staff representative **NA** was appointed.

III.    PRESENTATION OF EVIDENCE

    A.    Inmate ( **X** ) admits    ( ) denies the charge(s).

    B.    Summary of Inmate Statement:

    **The inmate stated he was issued a copy of the incident report. He did not request a staff representative, nor did he request witnesses provide testimony on his behalf during his hearing. He did not submit any documentary evidence for review by the DHO. He stated he understood his rights before the DHO and he was ready to proceed with his DHO hearing.**

    **He stated I'm guilty of the knife**



| BP-A0304 | **DISCIPLINE HEARING OFFICER REPORT** | IR#:  4026476 |
|---|---|---|
| | | Reg#: 39131-510 |
| Dept. of Justice / Federal Bureau of Prisons | | MINAYA, RAYMOND |

C. Witnesses

1. The inmate waived right to witnesses.  [Yes] **X**   [No] __

2. The following persons were called as witness at this hearing and appeared (Each witness name and statement listed below):
   **NA**

3. The following persons requested were not called for the reason(s) given (Each witness name and statement listed below):
   **NA**

4. Unavailable witnesses were requested to submit written statements and those statements received were considered (Each witness name and statement listed below):
   **NA**

D. Documentary Evidence. In addition to the Incident Report and Investigation, the DHO considered the following documents:
   **Incident Report - Photographs -- (BOP-IRPHO)**
   **Incident Report - Photographs -- (BOP-IRPHO)**

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because:
   **NA**

IV. FINDINGS OF THE DHO
   __ A. The act was committed as charged.   __ C. No prohibited act was committed:
   **X** B. The following act was commmitted:       Expunge according to inmate
   **104**                                          discipline PS.

V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations written documents, etc.)

**Your due process rights were read, and reviewed with you by the DHO, at the time of your hearing. You stated you understood your rights, and had no documentary evidence to present. You did not request the services of a staff representative. You waived witnesses to provide testimony on your behalf.**

**Based on your admission and the weight of the evidence the DHO concluded the prohibited act of Code 104: Possession of a dangerous weapon was committed. The DHO based this decision on the following evidence:**

**On November 14, 2024, at approximately 0730 hours, a search was conducted on I-A I02-628, assigned to inmate Minaya, Raymond Reg. No. 39131-510 verified via sentry. During the cell search (1) Black Apple Cellular Phone and (1) sharpened metal object measuring 8.5 inches in length were discovered under the toilet bowl of the cell. Page 38 of the Inmate**

Prescribed by P5270                                    Replaces BP-304(52) of Jan 88



| BP-A0304 | **DISCIPLINE HEARING OFFICER REPORT** | IR#: 4026476 |
|---|---|---|
| | | Reg#: 39131-510 |
| Dept. of Justice / Federal Bureau of Prisons | | MINAYA, RAYMOND |

Admission and Orientation Handbook states that it is an inmate's responsibility to keep their area free of contraband.  Inmate Minaya, Raymond Reg. No.  39131-510 was in possession of a Hazardous Tool and a Dangerous Weapon, specifically, (1) Black Apple Cellular Phone and (1) sharpened metal object which is contraband and possessing contraband is a violation of Bureau Policy.

Also, the DHO considered your testimony during the DHO hearing.

NOTE: To possess means to have on one s person/under one s dominion or control of hard contraband identified.

The DHO considered your continued disruptive behavior, also your willingness to accept FULL responsibility for your actions, and the seriousness of this particular prohibited act infraction. The fact there is a zero tolerance for inmates to utilize or possess any types of dangerous weapon in a Correctional Setting, when determining your slightly progressive sanctions for this prohibited act.

The DHO expects these sanctions will serve to deter you from similar misconduct in the future and convince you to abide by all institution rules and regulations.

---

VI.    SANCTION OR ACTION TAKEN
**104 (FREQ 2) - DIS GCT 41 DAYS, 104 (FREQ 2) - DS 30 DAYS, 104 (FREQ 2) - LP PHONE 210 DAYS**

```
When imposing a sanction of Disciplinary Segregation (DS), The Discipline Hearing
Officer considered the time served as a primary means when calculating your sanction
of (DS). This may not always be a viable option, due to concerns related to the safety
of staff, safety of inmates or safety and security of the institution.
```

---

VII.   REASON FOR SANCTION OR ACTION TAKEN

The action/behavior on the part of Possession of a dangerous weapon significantly threatens the health, safety, and welfare of not only himself, but of all persons, whether another inmate or any other person, who are involved in the act. This will not be tolerated.  Past evidence has shown that disruptive conduct has led to serious damage to the institution, as well as serious injury to staff and inmates involved and not involved in the disruptive conduct.  The sanctions imposed by the DHO were taken to inform the inmate that he will be held responsible for his actions/behaviors at all times.

The sanction involving Disciplinary Segregation was taken to deter any further negative behavior and to enforce the standard of inmate being held responsible for their actions.  A total of 30 days Disciplinary Segregation is being implemented.

The sanctions imposed involving Disallowance of Good Conduct Time (41 days) and Loss of Privileges (phone 210 days), were also taken to enforce the standard of inmates being held responsible for their actions.

The DHO considered your continued disruptive behavior, also your willingness to accept full responsibility for your actions, and the seriousness of this particular prohibited act infraction. The fact there is a zero tolerance for inmates to utilize or possess any types of dangerous weapon in a Correctional Setting, when determining your slightly progressive sanctions for this prohibited act.

You should be aware, any future disruptive behavior, will be cause for the DHO to consider more significant progressive disciplinary sanctions, in accordance with P.S. 5270.09, Page 55, in an effort to convince you this type of behavior is not acceptable, and it is imperative

---

Prescribed by P5270                                           Replaces BP-304(52) of Jan 88

|  BP-A0304 | **DISCIPLINE HEARING OFFICER REPORT** | IR#:  4026476 |
|---|---|---|
| | | Reg#: 39131-510 |
| Dept. of Justice / Federal Bureau of Prisons | | MINAYA, RAYMOND |

to abide by all institutional rules, and regulations.  This type of behavior will ABSOLUTELY not be tolerated.

**The DHO expects these sanctions will serve to deter you from similar misconduct in the future and convince you to abide by all institution rules and regulations.**

---

VIII.   APPEAL RIGHTS:   **X**   The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

---

IX.    Discipline Hearing Officer

| Printed Name | Signature | Date |
|---|---|---|
| **E. ROGERS** | **E. ROGERS** | **11-18-2024** |

DHO Report Delivered to Inmate by:

| **T LEE** | **T LEE** | **11-19-2024 0903 hrs** |
|---|---|---|
| Printed Name of Staff | Signature of Staff | Date & Time Delivered |

The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of electronic forms, electronic filing, and electronic signatures to conduct office business.